JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jessica and Jeremy Mack

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S Morton Ave, Morton PA 19070; 610-690-0801

## DEFENDANTS
Avertest LLC d/b/a Averheatlh, Lehigh County Court Adult Probation and Parole Department, Christine Darrah, Lehigh County

County of Residence of First Listed Defendant: _____
*(IN U S PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question *(U S Government Not a Party)*
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Monell

Brief description of cause
Plaintiff was wrongfully arrested and imprisoned because Defendants failed to properly process her urine sample

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/29/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

OCT 31 2019

EGS   5:19-CV-5106
19  5106

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**Address of Plaintiff:** 4929 W. Mountain View Drive Walnutport PA 18088

**Address of Defendant:** 512 W. Hamilton Street Allentown PA 18101

**Place of Accident, Incident or Transaction:** Lehigh County Probation and Parole Department

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: N/A   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is  ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/29/2019    *[signature] Gary Schafkopf*    83362
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Gary Schafkopf, Esq**, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

DATE: 10/29/2019    *[signature]*    83362
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

OCT 31 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Jessica and Jeremy Mack : CIVIL ACTION
:
v. :
:
Avertest LLC et al : NO. 19  5106

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10-29-19 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 31 2019

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiffs**

Schafkopf Law, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA and JEREMY MACK,** **Individually and as Husband and Wife** 4249 W. Mountain View Drive Walnutport, PA 18088 <br> **Plaintiffs,** <br> v. <br><br> **AVERTEST, LLC** **d/b/a AVERHEALTH** 512 W. Hamilton Street, Suite 105 Allentown PA 18101 <br><br> and <br><br> **LEHIGH COUNTY COURT ADULT PROBATION &** **PAROLE DEPARTMENT** 455 Hamilton Street Allentown, PA 18101 <br><br> and <br><br> **CHRISTINE DARRAH, Individually and** **in her official capacity as Probation Officer for** **the Lehigh County Court Adult Probation & Parole Department** 455 Hamilton Street Allentown, PA 18101 <br><br> and <br><br> **LEHIGH COUNTY** 17 S. 7th Street Allentown, PA 18101 | No. **19 5106** <br><br> **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |

| | |
|---|---|
| and | : |
| | : |
| **JOHN DOES 1-10** | : |
|             **Defendants** | : |

## CIVIL ACTION COMPLAINT

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Jessica and Jeremy Mack are adult individuals and husband and wife residing at the above captioned address.

2. Defendant, Avertest, LLC, doing business as Averhealth, is a Virginia Limited Liability Company, engaged in the business, among other functions, of providing biological sample testing for alcohol and drugs, having a principal place of business at the above captioned address.

3. Defendant, Lehigh County Court Adult Probation & Parole Department, is a state governmental law enforcement agency that provides court and police services for Lehigh County, Pennsylvania, located at the above captioned address.

4. Defendant, Christine Darrah, is an adult individual and an officer and/or employee of defendant, Lehigh County Court Adult Probation & Parole Department, working at the above captioned address.

5. Defendant Lehigh County is a local government entity, namely a county chartered by the Commonwealth of Pennsylvania. Defendant is responsible for the Lehigh County Court Adult & Parole Department.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and

below, upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

7. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

8. Jurisdiction in this Honorable Court is based upon a violation of federal law conferred by 28 U.S.C §1331; supplemental jurisdiction over state claims is granted by 28 U.S.C. §1367.

## OPERATIVE FACTS

9. On or before November 21, 2017, Jessica Mack was working and acting in compliance with her former sentencing and probation orders requiring her to report to and stay in communication with defendant Lehigh County Court Adult Probation & Parole Department.

10. Said defendant was tasked with the requirement of legally and fairly monitoring plaintiff's compliance with her sentence, among other requirements, that plaintiff abstain from alcohol consumption.

11. Christine Darrah was the specific Probation Officer assigned to monitor Jessica Mack's probation.

12. On or about November 21, 2017, Jessica Mack was in compliance, wearing her 24-hour alcohol monitoring ankle bracelet.

13. Jessica Mack was required to call into the Lehigh County Adult Probation & Parole Department hotline and if prompted then report to Averhealth to provide a urine sample.

14. On or about November 21, 2017, Jessica Mack called into defendants' hotline number.

15. Jessica Mack was advised to report to Averhealth's offices to provide the sample.

16. Upon arrival at Averhealth, Jessica Mack was routinely administered a breathalyzer test, which she successfully passed on this occasion - just as it was passed on all the previous occasions leading up to this visit.

17. Jessica Mack then provided the urine sample.

18. On or about November 22, 2017, Jessica Mack was called in to report to the Lehigh County Adult Probation & Parole Department for testing positive for the presence of alcohol.

19. Jessica Mack was immediately arrested by Christine Darrah upon her arrival.

20. Jeremy Mack went promptly to Averhealth offices to request a second test of his wife's sample.

21. Jeremey Mack was informed that if he insisted upon the prompt second test of this sample a second positive result would be met with pursuit of maximum punishment for plaintiff.

22. Upon further prompting, Jeremy Mack was informed by Averhealth that FDA recommendations require that a second test be performed to confirm the first positive result (and to justify consequences of such a result).

23. Jeremy Mack was also informed by Averhealth that a second test of the sample was required to confirm the positive result, and that this second test was to be performed by Lehigh County Court Adult Probation & Parole Department,

24. From on or about November 22, 2017 until December 12, 2017 (over 21 days) plaintiff and her husband received no cooperation from Defendant Lehigh County Court Adult Probation & Parole Department concerning this second test.

25. Averhealth informed Jeremey Mack that the second test results had been promptly sent to Defendant Lehigh County Court Adult Probation & Parole Department.

26. Lehigh County Court Adult Probation & Parole Department intentionally or otherwise refused to cooperate or communicate the results to Plaintiffs.

27. On or about December 12, 2017, Jeremy Mack finally received communication from Defendants' that the second test results were negative, and that Jessica Mack was to be released.

28. Defendants' additionally refused and failed to provide the required information of plaintiff's negative test result, and her innocence to the plaintiff's employer, as required by said employer (the Lehigh Valley Health Network), with the result that Plaintiff was terminated from her nursing position from November 21, 2017 until on or about January 11, 2018 (on which date she was reinstated).

29. On multiple occasions since her December 12, 2017 release from incarceration, Jessica Mack has been required to report to defendant Averhealth's facility to provide additional urine samples for alcohol testing and the tests would return with additional false positive results (which upon second testing all subsequently revealed negative test results).

30. Defendant Averhealth, a company in the business of selling biological or chemical tests or services to customers including law enforcement, for purposes of detecting alcohol or drugs, was fully aware that their products or services could indicate a certain repeated percentage of false positive results, from which knowledge it is foreseeable that a plaintiff such as Jessica Mack could be falsely found in violation of alcohol consumption and be severely punished and wrongly damaged.

31. Defendant Averhealth was responsible for handling and testing the plaintiff's biological sample properly, but instead Averhealth and/or the other named defendants permitted the sample to become improperly contaminated, and/or set the alcohol passing threshold standards too low, and/or misinterpreted or mixed up the sample results, or without limitation engaged in various examples of plaintiff's urine sample which resulted in a false positive against Jessica Mack.

32. As a result of the initial false positive test result Jessica. Mack was s falsely arrested and imprisoned.

## COUNT I
## MALICIOUS PROSECUTION / WRONGFUL ARREST

33. The plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

34. At the time of the Jessica Mack's arrest and imprisonment, she had not committed any infraction giving cause to legally justify the punitive actions taken by Defendants.

35. The actions taken described above by defendants' *inter alia*, were committed by these defendants under the color of state law and were violations of the plaintiffs clearly established and well-settled constitutional and other legal rights.

36. Defendants' caused Jessica Mack to suffer a malicious prosecution and violation of due process by their described wrongful conduct in subjecting Jessica Mack to loss of liberty and freedom, all in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and State law.

37. The said named defendants' all showed deliberate indifference to the plaintiffs' rights of liberty, freedom, and property.

38. To perpetuate their misconduct, the said named defendants' all clothed themselves with the color of state authority and law.

39. The said defendants' willful, reckless and malicious actions were made in efforts to deprive the Plaintiff, Jessica Mack, of her rights as set forth above and pursuant to the U.S. Constitution Amends. IV, VIII and XIV, actionable through 42 U.S.C. 1983 et seq., and common law.

## COUNT II
## FALSE IMPRISONMENT/FALSE ARREST

40. The plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

41. At the time of Jessica Mack's arrest and imprisonment, she had not committed any infraction giving cause to legally justify the punitive actions, force, and arrest taken by Defendants'

42. The actions taken described above by Defendants' *inter alia*, were committed by these defendants under the color of state law and were violations of the plaintiff's clearly established and well-settled constitutional and other legal rights.

43. Defendants' knowingly and unlawfully restrained and interfered with plaintiff's liberty and freedom and perpetuated said wrongful actions by not processing the second test upon plaintiff's false positive sample, communicating the negative results of said second test, and taking swift steps to release plaintiff from incarceration.

44. Plaintiffs have suffered grievous harm due to the faulty test, wrongful actions, and subsequent inactions of the defendants which resulted in plaintiff's false imprisonment.

## COUNT III
## MONELL

45. The plaintiffs repeat and reallege the foregoing paragraphs one through thirty as if fully set forth herein.

46. Prior to the events described above and herein, the defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of the plaintiffs' constitutional and other rights. Such wrongful policies include subjecting the plaintiff to inaccurate and faulty biological tests, arresting and continuing to incarcerate the plaintiff without just cause, failing to process the second required tests and to communicate the subsequent negative result in a swift or timely manner, and other harmful actions.

47. Plaintiff and her husband suffered grievous emotional and financial harm from t defendants by their wrongful tests, policies, actions, and failures to act.

## COUNT IV
## NEGLIGENCE / GROSS NEGLIGENCE

48. The plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

49. At all relevant times, Defendants have duty to act with reasonable caution, diligence, and care when processing Plaintiff's urine sample.

50. Defendants breached that duty by failing to properly handle and process Plaintiff's urine sample resulting in Plaintiff's wrongful incarceration.

51. Defendants' actions constitute negligence. Defendants are liable to Plaintiff for all the damages as a result of Defendants' negligence, recklessness, and/or gross negligence.

## COUNT V
## LOSS OF CONSORTIUM

52. The plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

53. As a result of the wrongful actions of the three defendants described above, plaintiff Jeremy Mack was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship of his wife, all

to the detriment of the marital relationship.

54. All of the aforesaid injuries and damages were caused solely and proximately by the three defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to enter judgment in their favor and against defendants, individually, joint, and severally, in an amount in excess of $75,000.00 plus such other statutory, compensatory, punitive damages and attorney's fees as the Court deems necessary and just plus costs and equitable relief.

Respectfully Submitted,

| WEISBERG LAW | SCHHAFKOPF LAW, LLC |
|---|---|
| BY: /s/ Matthew Weisberg | BY: _____ |
| MATTHEW B. WEISBERG, ESQ | GARY SCHAFKOPF, ESQ |
| DATED: 10-29-19 | DATED: 10-29-19 |